# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| K2 Solutions, Inc. | )　ASBCA No. 60907 |
| | ) |
| Under Contract No. M67854-11-C-3015 | ) |

APPEARANCES FOR THE APPELLANT:　Paul W. Bowen, Esq.
K&L Gates LLP
Seattle, WA

Amy M. Conant, Esq.
K&L Gates LLP
Washington, DC

APPEARANCES FOR THE GOVERNMENT:　Ronald J. Borro, Esq.
Navy Chief Trial Attorney
Matthew S. Hawkins, Esq.
Stephanie Cates-Harman, Esq.
Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE SWEET
## ON THE GOVERNMENT'S MOTION TO DISMISS AND/OR STRIKE

This is an appeal of a contracting officer's denial of a claim by K2 Solutions, Inc. (K2), alleging that the government breached a contract, and the duty of good faith and fair dealing, by reducing a contract's scope of work. The government has moved to dismiss portions of the complaint—namely counts two, three, and six—for failure to state a claim.[1] The motion is granted as to counts two and three, and denied as to count six.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION[2]

1. On 29 September 2011, the government awarded K2 Contract No. M67854-11-C-3015, which was a contract to provide improvised explosive device detector dogs and related services (compl. ¶¶ 4-5).

---

[1] The complaint does not number the counts. The government assigns such numbers in its motion to dismiss. For ease of reference, we adopt the government's numbering convention.

[2] For purposes of this motion only, we accept the allegations in the complaint as true.

2. The contract was for one base year, and two option years (compl. ¶ 8). Option year one, if exercised, would commence on 29 September 2012 (*id.*).

3. K2 alleges that the government failed to exercise delivery of the full quantity of dogs and services during the base year (compl. ¶¶ 25-34).

4. On 22 June 2012, the government sent K2 a notice of intent to exercise option year one (compl. ¶ 37, ex. J). The notice contemplated a reduction in the requirements from the original contract (*id.*).

5. On 31 July 2012, the government sent K2 Modification No. P00010 (Mod. 10) (compl. ¶ 39). Mod. 10 "was a unilateral Modification purporting to exercise Option Year 1 on terms different than those agreed to by the parties in the Contract" (*id.*). In particular, Mod. 10 "reduced requirements, changed terms within certain [contract line item numbers (CLINs)], and issued new SubCLINs for reduced amounts" (compl. ¶ 40, *see also* ex. K).

6. K2 continued to perform subsequent to the issuance of Mod. 10 (compl. ¶ 45).

7. K2 alleges that, even relative to the reduced quantities ordered in Mod. 10, the government decreased the amount of work (compl. ¶ 50). In particular, K2 alleges that the government only paid 63 percent of the original amount awarded in the contract for option year one, and 86 percent of the amount as reduced by Mod. 10 (compl. ¶ 51).

8. K2 submitted a certified claim to the contracting officer (CO) on 22 April 2016 (compl. ¶ 58). The CO denied that claim (*id.* ¶ 78).[3]

9. This timely appeal followed.

10. Count one of the complaint alleges that the government breached the contract by failing to exercise delivery of all the ordered goods and services during the base year (compl. ¶¶ 80-93).

11. Count two alleges that the government breached the contract by using the exercise of the first option year to reduce the scope of work (compl. ¶¶ 95, 100-01). In particular, count two alleges that the government "attempt[ed] to unilaterally exercise only parts of the Option Year One CLINs by exercising Option Year 1 and then immediately deleting portions of the work" (compl. ¶ 99).

12. Count three alleges that the government improperly exercised option year one, in violation of the contract, by decreasing the amount of work without providing K2 the opportunity to renegotiate the option (compl. ¶¶ 104-05, 107-08).

---

[3] The certified claim asserted the same claims raised in the complaint (compl., ex. T).

13. Count four alleges that the government breached Mod. 10 by refusing to allow for the delivery of all the services ordered under Mod. 10 (compl. ¶ 115).

14. Count five alleges that the government breached the duty of good faith and fair dealing with respect to the base year (compl. ¶¶ 121-28).

15. Count six alleges that the government breached the duty of good faith and fair dealing with respect to option year one (compl. ¶¶ 129-38). Count six alleges two legal theories. The first theory is that the government breached the contract's implied duty by using Mod. 10 to reduce the contract's scope of work, instead of negotiating a bilateral modification and price adjustment (*id.* ¶¶ 130-33). The second legal theory is that the government breached Mod. 10's implied duty by failing to exercise delivery of Mod. 10's full quantity (*id.* ¶¶ 134-36).

## DECISION

### I. Legal Standard

Dismissal for failure to state a claim upon which relief can be granted is appropriate where the facts asserted in the complaint do not entitle the claimant to a legal remedy. *Matcon Diamond, Inc.*, ASBCA No. 59637, 15-1 BCA ¶ 36,144 at 176,407. "To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). We must accept all factual pleadings as true. *Id.*; *Matcon Diamond*, 15-1 BCA ¶ 36,144 at 176,407. However, we do not accept as true the legal conclusions in the complaint. *Iqbal*, 556 U.S. at 678. A pleading that offers labels and conclusions, or a formulaic recitation of the elements of a cause of action will not do. *Id.* Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Id.* Moreover, we draw all reasonable inferences in favor of the appellant. *Id.* While the inferences need not be probable, they must be plausible. *Id.* Thus, the ultimate inquiry is whether the complaint alleges sufficient facts to nudge a claim across the line from conceivable to plausible. *Id.* at 680.

### II. Counts Two and Three Fail to State a Claim

As the government contends, counts two and three alleging that the exercise of the option violated the contract by reducing the scope of work fail to state a claim because the attempted option exercise was ineffective, so there was no option exercise that could have violated the contract (gov't br. at 4-5). "[T]he notice by which the power of an option holder is exercised must be unconditional and in exact accord with the terms of the option." *Holly Corp.*, ASBCA No. 24975, 83-1 BCA ¶ 16,327 at 81,164 (quoting CORBIN ON CONTRACTS § 264 (1963)). This is so because an option

3

is a contract to keep an offer open for a prescribed period of time, which confers upon the option holder (optionee) the right to accept or reject the offer in accordance with its terms within the time and in the manner specified in the option. *Id.*

Therefore, principles governing acceptance of offers ordinarily apply to the exercise of options. *Holly Corp.*, 83-1 BCA ¶ 16,327 at 81,164. "A notice of acceptance that is in any respect conditional or that reserves to the party giving it a power of withdrawal is not an operative notice of acceptance." *Id.* (citation omitted). "Thus, we have held that any attempt by the Government to alter the conditions of the contractor's obligation...will render ineffective the purported exercise of an option." *Id.* at 81,165.

Here, the gravamen of counts two and three is that the exercise of the option violated the contract by reducing the scope of work (SOF ¶¶ 11-12). In support of that theory, the complaint alleges that Mod. 10 "reduced requirements, changed terms within certain CLINs, and issued new SubCLINs for reduced amounts" (SOF ¶ 5). Assuming that factual allegation is true, the alteration of the conditions of K2's obligations renders ineffective the attempted exercise of the option. *Holly Corp.*, 83-1 BCA ¶ 16,327 at 81,165. Because the government's attempt to exercise the option was ineffective, there was no option exercise that could have violated the contract. Nor could K2 challenge the non-exercise of the option. *Statistica, Inc.*, ASBCA No. 44116, 92-3 BCA ¶ 25,095 at 125,126; *Pemco Aeroplex, Inc.*, ASBCA No. 47402, 95-2 BCA ¶ 27,853 at 138,889.

In an apparent attempt to avoid the conclusion that the attempt to exercise the option was ineffective, K2 argues that Mod. 10 initially effectively exercised the option, and then immediately modified the contract by reducing the scope of work (app. br. at 4).[4] However, in order to determine whether Mod. 10 initially effectively exercised the option, we must look at Mod. 10 as a whole and decide whether it sought to modify the terms of the option. *Holly Corp.*, 83-1 BCA ¶ 16,327 at 81,164. As we have stated, "*the notice* by which the power of an option holder is exercised must be unconditional and in exact accord with the terms of the option." *Id.* (emphasis added). Therefore, a document cannot both exercise and modify an option because any modification to the terms of an option constitutes a rejection of the option. *Id.* Here, because Mod. 10 allegedly was not in exact accord with the terms of the option, it is not reasonable to infer that Mod. 10 initially effectively exercised the option (SOF ¶ 5).

Nor does *TigerSwan, Inc. v. United States*, 110 Fed. Cl. 336 (2013)—upon which K2 relies (app. br. at 4-5)—help K2. *TigerSwan* did not hold that the same document can both exercise and modify an option. *Id.* at 346-47. Indeed, *TigerSwan* did not even

---

[4] Contrary to the government's argument, the complaint articulates the theory that Mod. 10 effectively exercised the option, and then immediately reduced the scope of work (SOF ¶ 11).

4

deal with the exercise of an option, let alone address the issue of whether such an exercise was valid. *Id.* Rather, in *TigerSwan*, there was a valid agreement—i.e., there had been mutual assent to the same terms—and then the government terminated that agreement for convenience almost two months later through a separate document. *Id.* at 340. Therefore, *TigerSwan* (which is not binding upon us in any event) is not on point.

Alternatively, K2 argues that the legal effect of the government's attempt to use Mod. 10 to reduce the scope of work for option year one was that Mod. 10 constituted a rejection of the offer embodied in the option, and a counter-offer, which K2 accepted through performance. *DeMarco Durzo Development Co. v. United States*, 69 Fed. Cl. 262, 275 (2005) (citing RESTATEMENT (SECOND) OF CONTRACTS § 59). All that proves is that K2 may have a claim for any breach of the new agreement embodied in Mod. 10. *Id.*[5] However, K2 asserts that claim in count four, which is not the subject of the motion to dismiss or this opinion (SOF ¶ 13).

*III. Count Six States a Claim*

Count six states a claim for a breach of the duty of good faith and fair dealing. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement. *Metcalf Constr. Co. v. United States*, 742 F.3d 984, 990 (Fed. Cir. 2014). The duty includes a duty not to interfere with the other party's performance, and not to act so as to destroy the reasonable expectations of the other party regarding the fruits of the contract. *Id.*

In particular, a "bait and switch" breaches the duty of good faith and fair dealing. *Teresa A. McVicker, P.C.*, ASBCA Nos. 57487, 57653, 12-2 BCA ¶ 35,127 at 172,463. A bait and switch occurs when the government awards a significant contract benefit to a contractor, only to improperly eliminate that benefit soon thereafter. *Id.*

Here, the government moves to dismiss count six insofar as it alleges that the government breached the option's implied duty before the government ineffectively exercised the option (gov't br. at 6). Neither of the two legal theories asserted by count six alleges that the government breached the option's implied duty before the government ineffectively exercised the option (SOF ¶ 15). The first theory alleges that the government breached the contract's implied duty (*id.*). The second legal theory alleges that the government breached Mod. 10's implied duty when it reduced Mod. 10's scope of work (*id.*).

---

[5] Alternatively, K2 may have a claim under count four for cost plus profit for the work it performed during option year one. *Holly Corp.*, 83-1 BCA ¶ 16,327 at 81,165; *Lockheed Martin Corp.*, ASBCA No. 45719, 00-2 BCA ¶ 31,025.

5

While Mod. 10 was an ineffective exercise of the option, it plausibly also constituted a new offer that K2 accepted through performance. *DeMarco*, 60 Fed. Cl. at 275. As with all agreements, any new agreement would impose a duty of good faith and fair dealing after it became effective. *Metcalf*, 742 F.3d at 990. Count six alleges that the government breached that duty after Mod. 10 became effective by reducing Mod. 10's scope of work (SOF ¶ 15). Because count six does not allege that the government breached the option's implied duty before the government ineffectively exercised the option, the government's motion to dismiss count six is denied.

## CONCLUSION

The partial motion to dismiss is granted in part, and denied in part. Counts two and three—which correspond to paragraphs 94 through 109 of the complaint—are dismissed for failure to state a claim.

Dated: 13 July 2017

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

6

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60907, Appeal of K2 Solutions, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
